Cramer and another agt. Eliza Comstock and others.

---

## SUPREME COURT.

### JOHN CRAMER and another agt. ELIZA COMSTOCK and others.

A *married woman,* who has a separate estate, has, in equity, the same power over it; and may sell or bind it by mortgage, as if she were a *feme sole.* She is liable for her *bond* given on the credit of it.

She may also dispose of such estate without the solemnity of an acknowledgment on a *private examination.*

Whether *judgment* for *deficiency* on foreclosure and sale of mortgaged premises, can be rendered against the wife? *Quere?*

Cramer and another agt. Eliza Comstock and others.

*Saratoga Special Term, Nov., 1855.*

THIS was an action brought for the foreclosure of a mortgage given by a married woman on her separate property. The complaint sets up that, previous to 24th day of February, 1851, said Eliza intermarried with one of the defendants, Peter Comstock, and was still the wife of said Peter; that on the 24th day of February, said Eliza being seized, in her own right, of the premises described, and for the purpose of securing to the plaintiffs the payment of the purchase money of said lands, did execute, and deliver to the said plaintiffs, a bond, bearing date on that day, whereby she bound herself to pay the sum of six hundred dollars; and as collateral security for the payment of the said indebtedness, she did, at the same time, duly execute and acknowledge, to the said plaintiffs, a mortgage with power of sale. The complaint then makes all the other *usual* allegations in a foreclosure suit, and asks, by way of relief, that the premises be decreed to be sold; and further, that the said *Eliza* be adjudged to pay any deficiency.

The defendants, Peter Comstock and Eliza his wife, set up, by way of answer, the following, to wit:—

" The defendants, Peter Comstock and Eliza his wife, in answer to the complaint, first submitting and insisting that the said complaint does not state facts sufficient to constitute a cause of action against these defendants, or either of them, say that, at the time of the alleged execution of the said bond and mortgage by the said Eliza, as in said complaint set forth, the said Eliza was the wife of said Peter; by reason of said coverture the said bond was *void;* the said mortgage, collateral to said bond, was also *void.*

" And for a further answer, these defendants say, upon their information, that the said mortgage was not acknowledged pursuant to the form of the statute. That the said Eliza did not acknowledge before an officer authorized by law to take such acknowledgment, on a private examination, apart from her said husband."

The plaintiffs moved for judgment on the ground of the *frivolousness* of the answer.

CHARLES CRAMER, *for plaintiffs.*
JOSHUA M. TODD, *for defendants.*

BOCKES, Justice. Mr. Justice PARKER, in the *Albany Fire Insurance Company* agt. *Bay,* (4 *Barb.* 407–415,) remarks that in all cases where the wife has a separate estate, no matter how it was created, it may be made liable to the payment of *her note or bond* given on the credit of it; and she has, in equity, the same power over it, and may sell it or bind it by mortgage, as if she were 'a *feme sole.* This case was taken to the court of appeals, where this doctrine was affirmed. (4 *Com.* 9, *and cases cited in opinions of the judges.*)

It is also decided in this case, that a married woman may dispose of her separate estate without the solemnity of an acknowledgment on private examination. (4 *Com.* 9 ; 17 *Barb.* 660 : *see also Willard's Eq. Jur.* 644, *et seq. on whole case.*)

These authorities show the answer frivolous. Every question raised by it has been expressly adjudicated.

A question remains on the complaint itself : the plaintiffs claim judgment against Mrs. Comstock for any deficiency there may be after sale.

This question it is unnecessary now to decide ; but that can be determined on plaintiff's application for final judgment on the report of amount due, or when the case is in readiness for judgment as to all the defendants. (*See Chapman* agt. *Lemon, ante page* 235.)

Inasmuch as it does not appear before me, how the case stands in regard to the defendants, other than Comstock and wife, perhaps it would be well, in the order to be entered on this motion, to give permission to plaintiffs to take any further proceedings in the cause necessary to bring it to final judgment as to all the defendants. I have drawn the order with that view, though perhaps this part of it may be superfluous.